KAREN NELSON MOORE, Circuit Judge, dissenting in part and concurring in part.
I write in dissent because I believe that Conner has created a genuine issue of material fact that State Farm’s proffered legitimate rationale for not advancing her to the insurance-agent candidate pool was a pretext for age discrimination. I also think that Conner has presented evidence sufficient for a reasonable factfinder to conclude that she has proven her case under a mixed-motive standard of analysis. I concur in Part II.C. of the majority opinion and agree that the district court did not abuse its discretion in awarding attorney’s fees to Conner.
I. GENUINE ISSUE OF MATERIAL FACT REGARDING PRETEXT
Conner has presented statistical evidence of age bias in State Farm’s hiring practices as well as circumstantial evidence regarding the subjective character of State Farm’s hiring procedures, the preferential treatment shown a younger employee in competition for the jobs she sought, and her own qualifications. “Generally, at the summary judgment stage, a plaintiffs burden is merely to present evidence from which a reasonable jury could conclude that the plaintiff suffered an adverse employment action ‘under circumstances which give rise to an inference of unlawful discrimination.’ ” Macy v. Hopkins County Sch. Bd. of Educ., 484 F.3d 357, 364 (6th Cir.), (quoting Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)), cert. denied, — U.S. -, 128 S.Ct. 201, 169 L.Ed.2d 37 (2007). The same standards of interpretation apply to Kentucky’s Civil Rights Act, Ky.Rev.Stat. § 344.040(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Ammerman v. Bd. of Educ., 30 S.W.3d 793, 797-98 (Ky. 2000). In this case, enough evidence exists for a reasonable factfinder to conclude that State Farm discriminated on the basis of age when it declined to allow Conner to advance to the candidate pool.
The majority opinion and I agree that Conner has established a prima facie case of age discrimination; we differ on the issue of pretext. To prove pretext, Conner must show that State Farm’s proffered legitimate reasons for failing to advance her as a candidate “had no basis in fact; ” “did not actually motivate” State Farm’s decision; or “were insufficient to motivate” the decision. Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir.1994). Here, Conner argues under the second method of demonstrating pretext that her age, and not State Farm’s belief that Beard was more qualified than she, explains her lack of success in the application process. Conner must “indict the credibility of [her] employer’s explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant.” Id.
Under both Kentucky and Sixth Circuit precedent, a plaintiff may use statistics to show that an employer’s proffered rationale for an adverse employment action is a pretext for discrimination. Kentucky Ctr. for the Arts v. Handley, 827 S.W.2d 697, 701 n. 5 (Ky.Ct.App.1991); Tinker v. Sears, Roebuck & Co., 127 F.3d 519, 524 (6th Cir.1997). “Statistical evidence is an *446 important tool for placing seemingly inoffensive employment practices in their proper perspective.” Senter v. Gen. Motors Corp., 532 F.2d 511, 527 (6th Cir.), cert. denied, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). To serve this function, “both the methodology and the explanatory power of the statistical analysis must be sufficient to permit an inference of discrimination.” Simpson v. Midland-Ross Corp., 823 F.2d 937, 944 (6th Cir. 1987) (quoting Segar v. Smith, 738 F.2d 1249, 1274 (D.C.Cir.1984)).
To demonstrate a “pattern of conduct toward a protected class as a group [people over forty],” Conner’s evidence must be sufficiently powerful to “create an inference that [State Farm] discriminated against [an] individual member[] of the class.” Bender v. Hecht’s Dep’t Stores, 455 F.3d 612, 622 (6th Cir.2006), cert. denied, — U.S. -, 127 S.Ct. 2100, 167 L.Ed.2d 814 (2007). “[T]he statistics must show a significant disparity and eliminate the most common nondiscriminatory explanations for the disparity.” Id. (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1466 (6th Cir.), cert. denied, 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990)). I think that the statistical research conducted by Conner’s expert meets this standard. Of the total candidates for the position of State Farm agent, those applicants over the age of forty were only half as likely to be successful as applicants under the age of forty. J.A. at 217 (Friedlander Rpt. Table 1). Candidates over forty who were not State Farm employees at the time of their applications — the category to which Conner belongs — were sixty-seven percent as likely as candidates under the age of forty to be successful.[2] J.A. at 219 (Friedlander Rpt. Table 3).
The majority opinion concludes that the evidence failed to eliminate nondiseriminatory reasons for the disparity, such as a difference in skills that happens to correlate with age. State Farm, however, has provided no explanation for the disparity. Therefore, a factfinder reasonably could conclude that age bias explains the disparity. Cf. Barnes, 896 F.2d at 1469 (holding that a defendant could counter statistical evidence used to establish a prima facie case by challenging the statistical method, by attacking the logic of the presumption that discrimination explains the statistical disparity, or by demonstrating “that bias did not play a role in the particular decision to discharge each of the plaintiffs”). Given that State Farm has not offered an alternative explanation for the age disparity in its hiring results, “it is reasonable to presume ... that skill is distributed randomly over any given age group.” Id. at 1466. The statistical evidence does not suffer from any of the common flaws we have identified in other cases, such as too small a sample size. Cf. Simpson, 823 F.2d at 943 (finding “suspect” a plaintiffs reliance on a seventeen-person sample pool). The statistical evidence, combined with the other evidence Conner presents, thus creates an inference of discrimination.
Conner also points to the subjective nature of the criteria that State Farm uses to hire insurance agents. Although “[subjective employment evaluations ... are not illegal per se,” in Grano v. Department of Development we “noted that subjective evaluation processes intended to recognize merit provide ready mechanisms for discrimination.” 699 F.2d 836, 837 (6th Cir. 1983). In Grano, we reviewed the district court’s factual findings underlying its conclusion that the employer had not discrimi *447 nated on the basis of sex for clear error; in this case, we are reviewing the grant of summary judgment to State Farm de novo. While we cannot question State Farm’s hiring criteria, I believe that Conner has presented sufficient evidence for a reasonable factfinder to conclude that State Farm “used subjective criteria to mask a discriminatory motive.” See Browning v. Dep’t of Army, 436 F.3d 692, 698 (6th Cir.2006). The majority opinion concludes otherwise, but mistakenly looks to Conner’s discussion of the subjective criteria to determine whether that evidence can independently establish discriminatory motive. Instead, I think that evidence regarding State Farm’s subjective hiring process must be viewed in conjunction with the statistical evidence showing an age disparity in the results of that process, as well as evidence that State Farm showed preferential treatment toward Conner’s younger competitor. From that perspective, the evidence regarding State Farm’s subjective criteria helps to create a genuine issue of material fact with respect to pretext.
The majority opinion dismisses Conner’s evidence of the preferential treatment that Dillahay and Teague showed Beard on the basis that Conner did not also show that Brooks exhibited the same preferential treatment. Brooks was certainly the final decisionmaker regarding whether an applicant made it to the candidate pool; however, Brooks depended on the rating scores given Conner by Dillahay and other interviewers. J.A. at 65-66 (Brooks Dep. at 8-12). These interviewers thus constituted initial decisionmakers in the hiring process. Because of Brooks’s reliance on their scoring, the judgment of the initial decisionmakers was equally significant to the final hiring decision as Brooks’s own judgment. State Farm argues that these interviewers could not have discriminated on the basis of age because several of them were themselves over forty. Sitting en banc, we have “explicitly rejected,” however, “the idea that one member of a group is unlikely to discriminate against another member of the same group.” Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564, 574 (6th Cir.2003) (en banc) (relying on Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).
Conner presents evidence that a reasonable factfinder could view as showing that at least one interviewer, as well as Teague, may have favored Beard over Conner because of Beard’s younger age. Dillahay invited Beard to his office for a half-hour discussion regarding her application and recommended motivational-speaking instruction videos that could aid her in delivering her business-plan presentation, a critical component of the application process. J.A. at 374-78 (Beard Dep. at 9-13). This kind of selective tutoring of a younger worker in the hiring process, to the disadvantage of an older competitor, can serve as evidence of pretext. See, e.g., Goden v. Runyon, 885 F.Supp. 1104, 1108-09 (W.D.Tenn.1995). In addition, Teague had spoken with Beard well before the hiring process about the possibility of her becoming a State Farm agent. J.A. at 421-22 (Teague Dep. at 12-13). A reasonable factfinder could conclude that Dillahay and Teague had previously identified Beard as a competitive candidate and Conner as a weak candidate. While preselection of a candidate based on that candidate’s qualifications does not violate Title VII, “[e]vidence of preselection operates to discredit the employer’s proffered explanation for its employment decision ... [and] is relevant evidence of the employer’s motivation.” Goostree v. Tenn., 796 F.2d 854, 861 (6th Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987).
*448 Although Conner’s subjective view of her own qualifications, without more, cannot substantiate her discrimination claim, Briggs v. Potter, 463 F.3d 507, 516 (6th Cir.2006), Conner also presents evaluations of her performance by other individuals. Teague testified to Conner’s competence in performing her duties as office manager, his reliance on her for input regarding personnel decisions and marketing plans, her skill in training new employees, and her receipt of regular performance bonuses. J.A. at 420-21, 423 (Teague Dep. at 8-9, 11-12, 18). In addition, Conner has presented an extremely positive review of her work by State Farm Agent Elwood Ervin, who supervised Conner’s field visit as part of her application process. J.A. 97-101 (Career Understanding Evaluation Form). Conner does not have to prove that she was better qualified than Beard for the position of State Farm agent, only that State Farm discriminated on the basis of age in choosing Beard instead of her. Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), overruled on other grounds by the 1991 Civil Rights Act, Pub. L. No. 102-166,105 Stat. 1071 (1991).
The district court based its opinion in large part on the doctrine that a consideration of the fairness of an employer’s business judgment cannot enter into the evaluation of pretext. Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 898 (6th Cir. 1997). “An employer’s business judgment, however, is not an absolute defense to unlawful discrimination.” Wexler, 317 F.3d at 576. Indeed, “the reasonableness of an employer’s decision may be considered to the extent that such an inquiry sheds light on whether the employer’s proffered reason for the employment action was its actual motivation.” Id. In the instant case, a factfinder could consider the reasonableness of State Farm’s proffered rationale along with evidence regarding age disparity in State Farm’s hiring, the subjective nature of the hiring process, favoritism shown a younger competitor, and Conner’s qualifications. In sum, this is a close case, one “that on its facts could go either way.” See id. at 578. I therefore think that this is a case that should proceed to trial and that the district court erred in granting summary judgment to State Farm.
II. ANALYSIS OF CONNER’S CASE UNDER THE MIXED-MOTIVE STANDARD
I think that, upon remand, the district court should consider whether to give the jury instructions respecting a mixed-motive as well as those pertaining to a McDonnell Douglas standard. I believe that Conner has created a genuine issue of material fact that age-discrimination was a motivating factor in State Farm’s decision not to advance her to the candidate pool, even if State Farm would have made the same decision absent this discriminatory motive. In Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Supreme Court first recognized that both legitimate and illegitimate rationales can motivate employment decisions. A plurality opinion held that when a Title VII plaintiff proved that a protected characteristic “played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiffs gender into account.” Id. at 258, 109 S.Ct. 1775.
Congress limited the “same-decision” defense articulated in Price Waterhouse when it passed the 1991 Civil Rights Act (“the 1991 CRA”), which amended Title VII, Pub. L. No. 102-166, § 107, 105 Stat. *449 1071, 1075-76 (1991) (codified at 42 U.S.C. §§ 2000e-2(m) and 2000e-5(g)(2)(B)). Congress passed the 1991 CRA “in an attempt ‘to eliminate the employer’s ability to escape liability in Title VII mixed-motive cases by proving that it would have made the same decision in the absence of the discriminatory motivation.’ ” Wright v. Murray Guard, Inc., 455 F.3d 702, 711 (6th Cir.2006) (internal citation omitted). The 1991 CRA provides “that a plaintiff can raise a mixed-motive Title VII claim by ‘demonstrat[ing] that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.’ ” Id. (quoting 42 U.S.C. § 2000e-2m). If an individual proves a mixed-motive claim, then “the employer has a limited affirmative defense that does not absolve it of liability, but restricts the remedies available to a plaintiff ... [to] include only declaratory relief, certain types of injunctive relief, and attorney’s fees and costs.” Desert Palace, Inc. v. Costa, 539 U.S. 90, 94, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (quoting 42 U.S.C. § 2000e-5(g)(2)(B)). “[T]o avail itself of the affirmative defense, the employer must ‘demonstrate] that [it] would have taken the same action in the absence of the impermissible motivating factor.’ ” Id. at 94-95, 123 S.Ct. 2148. In the case of Desert Palace, the Supreme Court interpreted the 1991 CRA to provide that “direct evidence of discrimination is not required in mixed-motive cases.” Id. at 101-02, 123 S.Ct. 2148. Because we interpret Kentucky’s Civil Rights Act consistently with Title VII, we can apply the mixed-motive standard to cases brought under Kentucky’s law using circumstantial evidence.
As I have discussed supra, Conner has produced statistical and circumstantial evidence regarding age disparity in State Farm’s hiring of insurance agents, the use of subjective criteria in the hiring process, possible pre-selection of a younger competitor, and her own qualifications. I think that this evidence, even if it were insufficient to create a genuine issue of material fact that Conner’s age constituted the determinative factor in State Farm’s employment decision, suffices to create a factual dispute regarding whether age constituted a motivating factor in State Farm’s decision. I therefore believe that the district court’s grant of summary judgment to State Farm should be reversed and the case remanded for further proceedings.

. The expert also compared the success rates of candidates who were State Farm employees at the time of their applications, J.A. at 218 (Friedlander Rpt. Table 2), but this evidence is not directly applicable because Conner does not belong to this category.